FILED
U. S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
AUG - 5 2026
BY
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | **SEALED** |
| | § | |
| v. | § | No. 1:26-CR-110 |
| | § | Crone - Stetson |
| THOMAS FLANAGAN | § | |

# INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

## General Allegations

At all times relevant to this indictment:

### *The Small Business Administration*

1. The United States Small Business Administration ("SBA") was an executive-branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

2. As part of this effort, the SBA enabled and provided for loans through banks, credit unions, and other lenders. These loans, including Paycheck Protection Program loans, had government-backed guarantees.

### *The Paycheck Protection Program*

3. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in March 2020 and designed to provide emergency financial

assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").

4. To obtain a PPP loan, a qualifying business was required to submit a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP loan application (SBA Form 2483), the small business (through its authorized representative) was required to state, among other things, its: (a) average monthly payroll expenses, and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan were required to provide documentation showing their payroll expenses.

5. A PPP loan application was processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies, which were guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

6. PPP loan proceeds were required to be spent on certain permissible

expenses, including payroll costs, mortgage interest, rent, and utilities. Under the applicable PPP rules and guidance, the interest and principal on the PPP loan was eligible for forgiveness if the business spent the loan proceeds on these expenses and costs within a designated period of time.

7. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven, by submitting a PPP loan Forgiveness application (SBA Form 3508EZ). The small business (through its authorized representative) was required to, among other things, attest and certify:

(1) That its PPP loan proceeds were used on eligible costs,

(2) That the PPP loan proceeds were used within a designated time period, which was usually within eight to 24 weeks of receiving the proceeds, and

(3) That the small business used at least 60 percent of the PPP loan proceeds on payroll expenses.

8. PPP loan applications submitted were electronically submitted, resulting in transmissions to or through servers located outside of Texas. PPP loan forgiveness applications from the PPP lenders were electronically submitted, resulting in transmissions to or through a server located outside of Texas. SBA electronically transmitted PPP loan forgiveness payments from the SBA to the PPP lenders using a server located outside of Texas.

9. **Thomas Flanagan (Flanagan)** was part owner and president of the business entity, P.C. Pfeiffer Co. Inc. (PCP). **Flanagan** was also part owner and president of the business entity, James J. Flanagan Shipping Corporation (JFS).

10. PCP was a Texas corporation with an office located in Beaumont, Texas which is in Jefferson County, within the Eastern District of Texas. PCP was a waterfront terminal operation within the water transportation business sector. PCP also operated under the name, "James J. Flanagan Stevedores."

11. JFS was also a Texas corporation with an office located in Beaumont, Texas, which is in Jefferson County, within the Eastern District of Texas. JFS was a logistics service providing stevedore and project management services.

12. Banco Bilbao Vizcaya Argentaria (BBVA) was a global bank and a PPP approved, participating lender.

13. PNC Financial Corporation (PNC) was also a global bank and a PPP approved, participating lender. PNC acquired BBVA in 2021.

## Counts One through Four

18 U.S.C. § 1343 (Wire Fraud)

14. The General Allegations section of this indictment is realleged and incorporated by reference as though fully set forth herein.

15. From on or about April 3, 2020, and continuing through on or about May 23, 2023, in the Eastern District of Texas and elsewhere, the defendant, **Thomas Flanagan**, knowingly devised and intended to devise a scheme and artifice to defraud the

SBA, and a financial institution acting on behalf of the SBA, to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and in doing so transmitted and caused to be transmitted by way of wire communications in interstate commerce, writings, signs, signals, and pictures for the purpose of executing the scheme, and did so with specific intent to defraud.

## Purpose of the Scheme and Artifice

It was the purpose of the scheme and artifice for the defendant to enrich himself unlawfully and unjustly by obtaining, and retaining, money from the SBA, and a financial institution acting on behalf of the SBA, by means of materially false and fraudulent pretenses, representations, and promises.

## Manner and Means

The manner and means by which the defendant sought to accomplish the purpose of the scheme and artifice included, among others, the following:

16. **Flanagan**, would and did:

   a. apply for, and receive, PPP loans on behalf of PCP and JFS;

   b. in said applications for said PPP loans that he prepared on behalf of PCP and JFS, make false and fraudulent representations and certifications including that "All SBA loan proceeds will be used only for business-related purposes….and consistent with the Paycheck Protection Program Rule" and that "The funds will be used to retain workers and maintain payroll or make mortgage interest payments, lease

payments, and utility payments, as specified under the Paycheck Protection Program Rule";

c. apply for loan forgiveness on behalf of PCP and JFS by electronically submitting PPP Loan Forgiveness Application Form(s) 3508EZ, , to BBVA (whose internet servers are located outside of Texas) and to PCA (whose servers are located outside of Texas) via the internet and,

d. in said applications for loan forgiveness, make false and fraudulent representations and certifications about how he spent the loan proceeds on behalf of PCP and JFS, to-wit: "The dollar amount for which forgiveness is requested...was used to pay business costs that are eligible for forgiveness," and/or that the dollar amount "includes payroll costs equal to at least 60% of the forgiveness amount." In truth and in fact, as the defendant then and there well knew, substantial portions of said loan proceeds were used to: pay for IRS Tax debts, pay for business loan debts, provide for cash, and pay other costs that were ineligible for forgiveness, and when, in truth and in fact, as the defendant well knew, the dollar amounts did not include payroll costs equal to at least 60% of the forgiveness amounts.

**Acts in Execution of the Scheme and Artifice to Defraud**

17. On or about the dates set forth below, in the Eastern District of Texas, and elsewhere, for the purpose of executing and attempting to execute the above-described

scheme and artifice to defraud and to obtain money and property from the victim, SBA, and a financial institution acting on behalf of the SBA, by means of false and fraudulent pretenses, representations, and promises, the defendant, **Thomas Flanagan,** knowingly transmitted, and caused to be transmitted, by means of wire communication in interstate and foreign commerce the writings, signs, signals, pictures, and sounds described below, and did so with specific intent to defraud:

| Count | Approximate Date of Wire Communication | Description of the Interstate Wire Communication Transmission |
|---|---|---|
| 1 | 08/13/2021 | A PPP Loan Forgiveness Application Form 3508EZ, submitted electronically via the internet, on behalf of JFS, seeking the forgiveness of Loan #70733970-09, in the amount of approximately $954,835.00. |
| 2 | 04/21/2022 | A PPP Loan Forgiveness Application Form 3508EZ, submitted electronically via the internet, on behalf of PCP, seeking the forgiveness of Loan # 87058370-03, in the amount of approximately $890,261.00. |
| 3 | 10/04/2022 | A PPP Loan Forgiveness Application Form 3508EZ, submitted electronically via the internet, on behalf of JFS, seeking the forgiveness of Loan # 30304986-01, in the amount of approximately $624,656.00. |
| 4 | 05/23/2023 | A PPP Loan Forgiveness Application Form 3508EZ, submitted electronically via the internet, on behalf of PCP, seeking the forgiveness of Loan # 93479285-07, in the amount of approximately $478,617.00. |

All in violation of 18 U.S.C. § 1343.

**<u>NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE</u>**
<u>Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)</u>

As the result of committing one or more of the foregoing offenses alleged in this indictment, the defendant herein shall forfeit to the United States, pursuant to 18 U.S.C.§ 981(a)(1)(C) and 28 U.S.C. § 2461(c):

any property constituting, or derived from, and proceeds the defendants obtained, directly or indirectly, as the result of such violations, including, but not limited to, a money judgment in the amount of $1,514,917.00.

**Substitute Assets**

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;
(b) has been transferred or sold to, or deposited with a third person;
(c) has been placed beyond the jurisdiction of the court;
(d) has been substantially diminished in value; or
(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property, including but not limited to all property, both real and personal owned by the defendant.

By virtue of the commission of the offenses alleged in this indictment, any and all interest the defendant has in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 18 U.S.C.§ 981(a)(1)(C) and 28 U.S.C. § 2461(c).

A TRUE BILL

Aug. 5, 2026
Date:

GRAND JURY FOREPERSON

JAY R. COMBS
UNITED STATES ATTORNEY

JIM NOBLE
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 1:26-CR-110 |
| | § | |
| THOMAS FLANAGAN | § | |

**NOTICE OF PENALTY**

**Counts One through Four**

| | |
|---|---|
| Violation: | 18 U.S.C. § 1343 (Wire Fraud) |
| Penalty: | Imprisonment of not more than twenty (20) years; a fine not to exceed $250,000 or twice the gross gain to the Defendant or twice the loss to the victim, whichever is greater; or both such imprisonment and fine; and a term of supervised release of not more than three (3) years |
| Special Assessment | $100.00 each count. |